**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

CHRISTINE FLETCHER,

        Plaintiff,

vs.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

        Defendant.

2:17-cv-02628-APG-VCF

**REPORT & RECOMMENDATION**

      This matter involves Plaintiff Christine Fletcher's appeal from the Commissioner's final decision denying Fletcher's social security benefits. Before the Court are Fletcher's Motion for Summary Judgement (ECF No. 20) and the Commissioner's Cross-Motion to Affirm (ECF No. 23). For the reasons stated below, the Court recommends denying Fletcher's Motion and granting the Commissioner's Motion.

**STANDARD OF REVIEW**

      The Fifth Amendment prohibits the government from depriving persons of property without due process of law. U.S. CONST. amend. V. Social security claimants have a constitutionally protected property interest in social security benefits. *Mathews v. Eldridge*, 424 U.S. 319 (1976); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1203 (9th Cir. 1990). Where, as here, the Commissioner of Social Security renders a final decision denying a claimant's benefits, the Social Security Act authorizes the District Court to review the Commissioner's decision. *See* 42 U.S.C. § 405(g); *see also* 28 U.S.C. § 636(b) (permitting the District Court to refer matters to a U.S. Magistrate Judge).

The District Court's review is limited. *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) ("[I]t is usually better to minimize the opportunity for reviewing courts to substitute their discretion for that of the agency." (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014))). The Court examines the Commissioner's decision to determine whether (1) the Commissioner applied the correct legal standards and (2) the decision is supported by "substantial evidence." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is defined as "more than a mere scintilla" of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Under the "substantial evidence" standard, the Commissioner's decision must be upheld if it is supported by enough "evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 217 (1938) (defining "a mere scintilla" of evidence).

If the evidence supports more than one interpretation, the Court must uphold the Commissioner's interpretation. (*See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)). This means that the Commissioner's decision will be upheld if it has any support in the record. *See, e.g.*, *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1988) (stating that the court may not reweigh evidence, try the case *de novo*, or overturn the Commissioner's decision if the evidence preponderates against it).

## DISCUSSION

In this case, the Administrative Law Judge ("ALJ") followed the five-step sequential evaluation outlined in 20 C.F.R. § 404.1520. The ALJ concluded that Fletcher did engage in substantial gainful activity from June 6, 2014 through December 31, 2014. (ECF No. 15-1 at 23). However, the ALJ did find that there was a continuous twelve-month period where there was no substantial gainful activity, and the ALJ used that period for the rest of the analysis. (*Id.* at 24). The ALJ found that Fletcher suffered from medically determinable severe impairments consisting of affective disorder, anxiety disorder, right radial tunnel syndrome and fibromyalgia, but these impairments did not meet or equal any of the "listed"

impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.*). The ALJ determined that Fletcher possessed the residual functional capacity to perform light work, sit six hours and stand or walk six hours in an eight-hour work day, but Fletcher is limited to unskilled work with simple repetitive tasks in two hour increments, with normal breaks throughout a normal eight-hour work day. (*Id.* at 26). The ALJ determined that Fletcher would not be able to perform past relevant work, but would be able to perform other jobs that exist in significant numbers in the national economy. (*Id.* at 27). Overall, the ALJ concluded that Fletcher was not under a disability within the meaning of the Social Security Act from June 6, 2014 through the date of the decision on April 29, 2016. (*Id.* at 32-33).

Fletcher challenges the ALJ's assessment on two grounds. Fletcher argues that the ALJ improperly failed to give any weight Dr. Jacobson's opinion, and wrongly failed to give any weight to Fletcher's pain and symptom testimony in the decision. (ECF No. 20 at 8). Specifically, Fletcher asserts that the ALJ failed to consider Dr. Jacobson's opinion that Fletcher's medical problems created significant limitations in her daily activities. (*Id.* at 9). Instead, the ALJ relied upon and accepted the opinion of a non-examining physician when determining Fletcher's residual functional capacity. (*Id.* at 15). Overall, Fletcher asserts that the "ALJ's general conclusion that Dr. Jacobson's opinion isn't supported by the longitudinal record does not constitute a legally sufficient reason for rejecting his opinion," and that the ALJ failed to give a single legitimate reason for rejecting both the opinion and Fletcher's personal testimony. (*Id.* at 13, 15, 22).

The Commissioner argues that the ALJ's decision is supported by substantial evidence. (ECF No. 23 at 3). Specifically, the Commissioner argues that the AJ accorded no weight to Dr. Jacobson's opinion because Dr. Jacobson accepted uncritically Fletcher's subjective symptom complaints. (*Id.*). The ALJ also accorded no weight to Dr. Jacobson's opinion, because Dr. Jacobson assessed Fletcher's functional limitation inconsistent with the prescribed course of treatment and longitudinal treatment records. (*Id.*).

As for Fletcher's personal testimony, the Commissioner argues that the ALJ gave specific reasons to discount it, including the fact that Fletcher's testimony was not fully supported by the record and the discrepancies of when and why Fletcher stopped working. (*Id.* at 11-13).

### I.     **Discounting the Treating Physician's Opinion**

A treating physician's medical opinion as to the nature and severity of an individual's impairment is entitled to controlling weight when that opinion is well-supported and not inconsistent with other substantial evidence in the record. *Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir. 2001). "The rationale for giving the treating physician's opinion special weight is that he is employed to cure and has a greater opportunity to know and observe the patient as an individual." *McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989).

However, the ALJ need not automatically accept a treating physician's opinion. If an ALJ opts to not give a treating physician's opinion controlling weight, the ALJ must apply the factors set out in 20 C.F.R. § 404.1527(c)(2)(i)-(ii) and (c)(3)-(6) in determining how much weight to give the opinion, including supportability and consistency with the medical record as a whole. When evidence in the record contradicts the opinion of a treating physician, the ALJ must present "specific and legitimate reasons" for discounting the treating physician's opinion, supported by substantial evidence. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009). Opinions of non-treating or non-examining physicians constitute substantial evidence "when the opinions are consistent with independent clinical findings or other evidence in the record." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings. *Id.*

In this case, the ALJ gave little to no weight to the opinion of Dr. Jacobson, the treating physician, when concluding that Fletcher is capable of performing light work. (ECF No. 15-1 at 26-31). The ALJ

gave no weight to Dr. Jacobson's letter from November 24, 2014, because Dr. Jacobson uncritically accepted as true what the claimant reported with respect to her daily activities, but her described daily activities are not limited to the extent that one would expect given the complaints of disabling symptoms. (*Id.* at 29-30). The letter from Dr. Jacobson is only three sentences long and does not give any analysis for why Fletcher has significant limitations in her daily activities. (*Id.* at 418). This letter appears only to be an accommodation to appease Fletcher after she asked for assurance that Dr. Jacobson would support her desire to continue with the SSDI process. (*Id.* at 30). The ALJ found that the letter was inconsistent with the rest of the record. (*Id.*). The ALJ also gave little weight to Dr. Jacobson's physical residual functional capacity assessments (February 12, 2015 and March 5, 2016), because "the course of treatment pursued by the doctor has not been consistent with what one would expect if the claimant were truly disabled, as the doctor has reported." (*Id.* at 30). The ALJ also noted that the progress notes and the longitudinal record did not support Dr. Jacobson's opinions. (*Id.*). Medications and treatments were generally successful in helping Fletcher's symptoms improve. (*Id.* at 28). Specifically, Botox helped to relieve and reduce Fletcher's migraines, and the use of a brace helped with the pain in Fletcher's arm and hands. (*Id.* at 28-29). The ALJ's determination to give little to no weight to Dr. Jacobson's opinion followed the proper procedure for evaluating a treating physician's opinion, as the ALJ determined that Dr. Jacobson's opinion was inconsistent with substantial evidence in the record. 20 C.F.R. § 404.1527(c)(4).

The ALJ determined that Fletcher had the residual functional capacity necessary to perform light work. (*Id.* at 26). The ALJ gave weight to the opinion of the non-examining physician, Dr. Dhaliwal. (*Id.* at 31). The ALJ accepted Dr. Dhaliwal's opinion, because this opinion was consistent with medical evidence, and it was based upon the record as a whole. (*Id.*). When presented with contradicting medical evidence, as here, the ALJ is "responsible for determining credibility and resolving conflicts in medical testimony," which involves considering and according weight to the medical evidence. *Magallanes v.*

*Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). Evidence in the record supports the ALJ's analysis of the conflicting opinions of the physicians. Therefore, the Court recommends denying Fletcher's motion for summary judgement and granting the Commissioner's cross-motion to affirm based on this issue.

**II.     Rejecting Fletcher's Pain and Symptom Testimony**

When determining that Fletcher was able to perform light work, the ALJ discounted Fletcher's testimony. (ECF No. 15-1 at 26-29). Fletcher argues that the ALJ rejected the personal testimony without demonstrating a single specific or legitimate reason to reject the testimony. (ECF No. 20 at 22).

If the ALJ decides to discount the claimant's testimony regarding his or her subjective symptoms, the ALJ must engage in a two-step analysis before finding the claimant's testimony lacks credibility. SSR 16–3p; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007). First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment "which could reasonably be expected to produce the pain or other symptoms alleged." *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991). The claimant "need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996).

Second, if the claimant meets this first test, and there is no evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of her symptoms by offering specific, clear and convincing reasons for doing so." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006). To reject the claimant's testimony, the ALJ is required to point to specific facts in the record that demonstrate that the individual's symptoms are less severe than he claims. *Vasquez v. Astrue*, 572 F.3d 586, 592 (9th Cir. 2009). The ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints, because general findings are not sufficient. *Lester v. Chater*, 81 F.3d 821, 834 (9th

Cir. 1995). If the "ALJ's credibility finding is supported by substantial evidence in the record, [a court] may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

After reviewing the administrative record, the parties' brief, and applicable law, the Court finds that the ALJ provided clear and convincing reasons for finding Fletcher's testimony not fully credible. The ALJ found that some of Fletcher's medically determinable impairments could be expected from her alleged symptoms. (ECF No. 15-1 at 27-28). However, the ALJ found that Fletcher's statements about the level of impairment and severity of her symptoms were inconsistent with and not supported by the record as a whole. (*Id.*). The ALJ also noted inconsistencies in the testimony of when and how Fletcher stopped working. (*Id.* at 27). Fletcher at one point stated she stopped working due to her symptoms, later stated that she lost her job, and at the hearing testified that she resigned. (*Id.*). The ALJ also found that the course of treatment pursued by the treating physician was not consistent with Fletcher's pain and symptom testimony. (*Id.* at 30). The ALJ also noted that, while Fletcher may have pain, the medical records indicate that Fletcher may engage in such activities such as walking without deficit, using full motion of joints, bending, lifting, carrying, sitting, standing, and remaining active enough to avoid muscle disuse and atrophy despite the pain. (*Id.* at 29).

The Court finds that the ALJ based her determination on substantial evidence in the record. The ALJ provided clear and specific reasons for rejecting Dr. Jacobson's opinion and Fletcher's personal testimony. Therefore, the Court recommends denying Fletcher's motion for summary judgment and granting the Commissioner's cross-motion to affirm.

ACCORDINGLY,

IT IS RECOMMENDED that Plaintiff Christine Fletcher's Motion for Summary Judgment (ECF No. 20) be DENIED.

IT IS FURTHER RECOMMENDED that the Commissioner's Cross-Motion to Affirm (ECF No. 23) be GRANTED.

IT IS SO RECOMMENDED.

DATED this 3rd day of October, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE